## RIVERA *v.* REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of San Juan.

No. 2.—Decided January 30th, 1900.

USUFRUCT.—DEFECT CAPABLE OF CORRECTION.—In order to obtain the ins-
cription of a usufruct in the Registry of Property, as in the case of any
other right to real estate, an indispensable requisite is that the ownership
of the realty shall have been previously recorded in the Registry, and the
name of the person in whose favor such ownership is recorded must be set
out in the title which is sought to be recorded, as also the title by virtue of
which the right sought to be recorded may have been acquired; a failure to
comply with these requirements, constitutes a defect which is capable o
correction.

ID.—Failure to describe the properties, and properly to separate the same,
in order that they may be identified in the records of the Registry of
Property, with the clearness and precision required by the Mortgage Law,
also constitutes a defect capable of correction.

The facts are set out in the opinion.

*Mr. López Landrón,* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the following
opinión:

The hearing was had in the appeal taken by Rafael López
Landrón Esq., in the name of José Dolores Rivera Claudio,
representing his legitimate wife, María Justa García y Liza-
rraga, from the refusal of the Registrar of Property of this
City to record a judicial proceeding for dominion title,
approved by the District Court of San Juan by order dated
21st of September last.

The facts set out in the aforesaid order of approval, show
that José Dolores Rivera Claudio, representing his legitimate
wife, Justa García Lizarraga, filed a writing setting up that
Mrs. Dolores Lizarraga de Campanón devised in her will
made in favor of the children of Juan Lazús García, and
likewise in favor of appellant's wife, fifty *cuerdas* of land
situated in the ward of Sabana Llana, within the municipal
jurisdiction of Río Piedras; that the said land, which is of
the second class, equivalent to nineteen hectares, seventy-
five ares and nineteen centares, aproximately, twenty-five

*cuerdas* of which had been in possession of his wife by virtue of a purchase thereof from Ignacio and Romualdo García, children of Juan Lazús, and the other twenty-five *cuerdas* had been held in usufruct for life, and on her death to pass into the hands of her legitimate children Carmen, Atilano, Providencia, Aurora, Simón and Rosendo Rivera y García, born in wedlock with the applicant; that the said number of *cuerdas* form a single parcel of land, nearly all level, a part being somewhat broken, and used for the cultivation of minor products and natural pasture lands; that the said land was free from all incumbrances, being valued at approximately eight hundred *pesos*, provincial money, and being bounded on the north by lands belonging to Don Pedro Cervera and Don José Dolores López; on the south and west by lands belonging to Don Frutos Caloca, now his heirs; on the east by lands of the said Don Pedro Cervera, Don Pablo Figueroa and Don Celestino Trida; that there were situated on the tract of land above described three rustic houses, and it was added that as his said wife had been in possession of the land for more than twenty years, and had no efficient written title thereto, it was desired to record the fifty *cuerdas* of land, twenty-five under title of ownership and twenty-five under title of usufructuary; offering the testimony of witnesses to prove the said facts.

The testimony of witnesses having been heard, and the proceeding having been duly prosecuted, the District Court made an order on the 21st of September last approving the proceedings and declaring that the lands in question, and which had been described, belonged by virtue of ownership and usufruct, to Doña María Justa García y Lizarraga, wife of Don José Dolores Rivera Claudio, and providing that the same be recorded in her favor in the Registry of Property, and that a proper certificate thereof be issued to the interested party.

The said certificate having been issued and presented for admission to record in the Registry of Property, the Re-

cuerdas de terreno, de las cincuenta de que se componía la finca, no se acreditaba la adquisición, ni se declaraba el dominio de aquéllas á favor de sus hijos Cármen, Atilano, Providencia, Aurora, Simón y Rosendo Rivera y García, no expresándose el modo en que hubiese adquirido el usufructo la señora García; y por no describirse separadamente dichas veinte y cinco cuerdas y las otras de igual cabida en que tenía el pleno dominio y que no siendo subsanables dichos defectos no era admisible tampoco la anotación preventiva.

*Resultando:* que contra esta negativa del Registrador ha interpuesto el Abogado Don Rafael López Landrón, á nombre de Don José Dolores Rivera Claudio, en representación éste de su esposa Doña María Justa García y Lizarraga, el presente recurso gubernativo ante esta Presidencia y que conferida vista al propio Registrador y al Tribunal del Distrito de San Juan, ambos la han evacuado en los términos que se expresan en sus respectivos informes.

*Considerando:* que para inscribir el usufructo, como cualquier otro derecho real sobre bienes inmuebles, es indispensable que conste inscrito previamente el dominio; y que no constando del auto aprobatorio de la información propuesta por Don José Dolores Rivera Claudio, á nombre de su esposa Doña María Justa García, á quien pertenecen en propiedad las veinte y cinco cuerdas de terreno sobre que se dice que tiene aquélla el usufructo, ni el título en virtud del cual lo hubiesen adquirido, no es posible inscribir el usufructo de dichas veinte y cinco cuerdas de terreno á favor de la Doña Justa García, como lo pretende la parte promovente.

*Considerando:* que si bien en el auto aprobatorio de referencia se describen las cincuenta cuerdas de terreno de las que dice el recurrente que pertenecen veinte y cinco en propiedad á su esposa y las otras veinte y cinco en usufructo, no se describen estas dos porciones separadamente como, es de necesidad, para que en el Registro consten identificadas cada una de ellas con toda la claridad y precisión que requiere el artículo 9º de la Ley Hipotecaria.

gistrar refused to record the same because, it being stated that Doña Justa García y Lizarraga was the usufructuary of twenty-five *cuerdas* of the fifty composing the tract, the acquisition thereof was not shown, nor was the ownership declared to be in the children Carmen, Atilano, Providencia, Aurora, Simón and Rosendo Rivera y García, the manner in which Mrs. García might have acquired the usufruct not being stated; and because the said twenty-five *cuerdas* and the other parcel containing the same acreage of which she had the full ownership, were not separately described; and that the said defects not being capable of correction, a cautionary notice could not be entered.

From this refusal of the Registrar the attorney Don Rafael López Landrón has taken an appeal to the Chief Justice of this Court in the name of Don José Dolores Rivera Claudio, the latter representing his wife Doña María Justa García Lizarraga, and a hearing having been accorded the said Registrar and the District Court of San Juan, they have both concluded the same in the manner set out in their respective reports.

In order to record a usufruct, as any other right to real estate, an indispensable requisite is that the ownership thereof shall have been previously recorded; and it not appearing from the order approving the proceedings prosecuted by Don José Dolores Rivera Claudio in the name of his wife, Mrs. María Justa García, to whom the twenty-five *cuerdas* of land belong, of which it is said she is the usufructuary, nor the title by virtue of which the same may have been acquired, it is impossible to record the usufruct of the said twenty-five *cuerdas* of land in favor of Doña Justa García, as sought by the applicant.

Although in the approbatory order herein referred to, the fifty *cuerdas* of land are described, of which the appellant states twenty-five are held by virtue of the ownership thereof vested in his wife, and the other twenty-five in usufruct, these two parcels are not described separately, as is necessary in order that each one of them may be identified

*Considerando:* que atendida la naturaleza de las faltas que impiden la inscripción del auto aprobatorio del expediente de dominio de que se .trata, no deben calificarse insubsanables, toda vez que los defectos de que adolece el expresado título pueden perfectamente subsanarse por el Tribunal sentenciador, á solicitud de la parte interesada.

*Vistos* los artículos 9, 20 y 65 de la Ley Hipotecaria y las resoluciones de la Dirección General de los Registros de 22 de Julio de 1874, 18 de Agosto de 1887, 18 de Junio de 1888 y 26 de Junio de 1894.

*Se confirma* la negativa del Registrador de la Propiedad de esta Capital á inscribir el auto aprobatorio de la información de dominio promovida por Don José Dolores Rivera Claudio, á nombre de su esposa Doña Justa García y Lizarraga, tomándose, empero, anotación preventiva de suspensión, si la solicitare la parte promovente. Comuníquese esta resolución al Tribunal del Distrito de San Juan, para la notificación de los interesados, y transcurridos que sean ocho días hábiles, á partir desde el de la notificación, remita las diligencias con los escritos que en su caso presenten las partes interesadas.

in the Registry of Property with that clearness and precision required by Article 9 of the Mortgage Law.

In view of the nature of the defects which prevent the inscription of the order approving the proceedings for dominion title in question, they should not be characterized as incapable of correction, since the defects contained in the said title may be effectively corrected by the trial Court, on the application of the party in interest.

In view of the provisions of articles 9, 20 and 65 of the Mortgage Law and the decisions of the General Directorate of Registries of the 22nd of July, 1874, 18th of August, 1887, 18th of June, 1888 and 26th of June, 1894:

The refusal of the Registrar of Property of this City to record the order approving the proceedings for dominion title prosecuted by Don José Dolores Rivera Claudio, in the name of his wife, Doña Justa García y Lizarraga, *is hereby affirmed;* a cautionary notice of suspension may however be entered if requested by the applicant.

This decision will be communicated to the District Court of San Juan for the notification of the parties in interest, and after the expiration of eight working days counting from the date of the notification, the proceedings in the case, together with any writings filed by the interested parties, will be forwarded to the said Court.